# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF RYAN A. MENDENHALL, BAR NO. 9435.

No. 72763

FILED

SEP 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Ryan A. Mendenhall. Under this agreement, Mendenhall admitted to multiple violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (terminating representation), RPC 5.5 (unauthorized practice of law), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). The agreement provides for a two-year suspension, the payment of all back child support owed by Mendenhall, payment of $6000 in restitution, his attendance at a fee dispute program and payment of any resulting award, and payment of $2500 in fees plus the actual costs of the disciplinary proceeding.

Mendenhall has admitted to the facts and violations alleged in the consolidated complaints. The record therefore establishes that

17-32921

Mendenhall continued to practice law after he was suspended for failing to pay his annual fees. The record further establishes that Mendenhall failed to pay child support for over a year. Finally, the record establishes that after Mendenhall's bar license was reinstated, he accepted money from three different clients without providing the promised legal services and also failed to keep the clients apprised as to the status of their cases.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Mendenhall violated duties owed to his clients (diligence, communication, fees, competence, and terminating representation) and the profession (unauthorized practice of law and disciplinary matters). Mendenhall's mental state was mixed. While he was aware of his suspension, he believed that he was reinstated once he paid the amounts owed.[1] Once fully reinstated, however, Mendenhall proceeded to take clients' money without providing proper legal representation. There was actual injury to the profession because Mendenhall's unauthorized practice of law and lack of response to the bar's investigation were detrimental to the integrity and standing of the bar. Additionally, there was actual harm to clients in that they paid for services they did not receive. The panel found three aggravating factors (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and five mitigating factors (absence of prior disciplinary record, personal or

---

[1] Mendenhall remained CLE suspended after paying the owed fees.

emotional problems, character and reputation, interim rehabilitation, and remorse).

Based on the most serious instance of misconduct at issue, *see Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2016) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* at Standard 4.42 (providing that suspension is appropriate when an attorney knowingly fails to perform services for a client or engages in a pattern of neglect that causes injury or potential injury to a client). In light of the foregoing and the mitigating circumstances, we conclude that the agreed-upon two-year suspension is appropriate. The duration of the suspension along with the other conditions imposed are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Ryan A. Mendenhall from the practice of law in Nevada for a period of two years commencing from the date of this order. Before petitioning for reinstatement, Mendenhall shall pay all back child support and be current on his child support payments, pay restitution of $4000 to Maria Herrera and $2000 to Antonio Flores, and attend a fee dispute program with his former client Edith Serrano Flores and pay any resulting fee award. Additionally, Mendenhall shall pay the costs of the disciplinary proceedings, plus fees in

the amount of $2500, within 30 days of the date of this order. SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.



_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
    Ryan A. Mendenhall
    C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
    Kimber K. Farmer, Executive Director, State Bar of Nevada
    Perry Thompson, Admissions Office, U.S. Supreme Court